**PRICE PARKINSON & KERR LLP**
JASON KERR (Nevada Bar 7773)
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900
jasonkerr@ppktrial.com

*Plaintiff Fiber Research International, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FIBER RESEARCH INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NORTH SOUTH SCIENCE, LLC, CCA INDUSTRIES, INC. and Individual JOHN DOES I-X and Entity DOES I-X<br><br>Defendants. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

COMPLAINT

Plaintiff Fiber Research International, LLC by and through its undersigned counsel, hereby brings claims against Defendants North South Science, LLC and CCA Industries, Inc. and individual John Doe Defendants and entity Doe Defendants, the identity of which are currently unknown, but who will be named as defendants once their identities are known, as follows:

## INTRODUCTION

1. Glucomannan is a dietary fiber derived from Konjac, a root vegetable that is eaten as a food in Asia.  Shimizu Chemical Corporation has developed a proprietary process for extracting and refining glucomannan from specific varieties of Konjac root grown using proprietary methods, to produce the highest-quality glucomannan available in the world.  Shimizu manufactures different grades of its refined glucomannan products for various purposes.  These grades include the highest and most refined grades sold under the "Propol" trademark.  As a consequence of Shimizu's proprietary methodologies, Propol has unique characteristics that contribute to weight loss, as well as other benefits, in humans when taken as directed.  However, there is no evidence that glucomannan manufactured by other companies have any effect on weight loss.  In fact, weight loss studies on other glucomannan products show that they are ineffective for weight loss.

2. Defendants North South Science, LLC and CCA Industries, Inc. sell and have sold a weight loss product called Mega T Weight Loss Chews, in two flavors, chocolate and mixed berry.  As per their packaging, Defendants claim that Mega T Weight Loss Chews contains glucomannan.  Defendants advertise and market Mega T Weight Loss Chews as containing a "clinically effective ingredient for weight loss", "control appetite", "fight hunger", "feel full", "eat less", and "lose weight".

3. However, while *Propol* may be clinically-proven to promote weight loss, Mega T Weight Loss Chews do not contain Propol.  Therefore, there is no evidence supporting Defendants' claims about its products.

4. Laboratory testing shows Mega T Weight Loss Chews uses some unknown ingredients that are chemically very dissimilar to Propol.

5. Pursuant to an exclusive sales contract with Shimizu, Fiber Research markets Propol in the United States. Fiber Research has been injured in its efforts to sell Propol as a result of Defendants' unfairly passing off its sub-standard, unsubstantiated product as the same or substantially the same as that studied in clinical trials of Shimizu's Propol. Fiber Research is also injured by the loss of good will to Propol caused by Defendant's passing off an inferior product as Propol.

6. Fiber Research also is the assignee of Shimizu's legal rights of action in the United States for any damages incurred by Shimizu by virtue of any unlawful selling or marketing of products in unfair or unlawful competition with Propol.

7. Fiber Research accordingly brings this action both for injuries sustained directly, and as the legal assignee for injuries sustained by Shimizu, as a result of Defendant's violation of the Lanham Act and Nevada law.

## JURISDICTION & VENUE

8. This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of Nevada. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Jurisdiction is also appropriate under 28 U.S.C. §1332 as the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

10. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b).

## PARTIES

11. Plaintiff Fiber Research International, LLC is a limited liability company organized under the laws of the State of Nevada.

12. Defendant North South Science, LLC is a Delaware company with a principal place of business in New Hope Pennsylvania.

13. Defendant CCA Industries, Inc. is a corporation with a principal place of business in East Rutherford, New Jersey.

# FACTS

## A. Shimizu's "Propol" Glucomannan

14. More than 300 years ago, the Japanese Shimizu family began farming Konjac, a potato-like root vegetable that has been eaten in Asia for thousands of years.

15. Over the centuries the Shimizu family's business grew, and it began to produce refined products from the Konjac root, including glucomannan, a dietary fiber.

16. Over the years, Shimizu developed a proprietary way to extract and refine glucomannan. And the glucomannan extracted using Shimizu's proprietary method has unique properties, including long-term stability at body temperature and high viscosity. Eventually Shimuzu called glucomannan extracted with using its proprietary extraction and refining process Propol®, and obtained trademark protection for the name.

17. During the 1970s, Shimizu began to study the health benefits associated with Propol supplementation at a cost of millions of dollars. Shimuzu discovered Propol's molecular structure and mechanisms for providing health benefits. As a result of this research and development, Shimizu has been granted patents in 37 countries, including the United States, for Propol.[1]

18. Shimizu has continued to fund scientific research on the health benefits of Propol. More than 60 human trials have been published establishing the numerous health benefits of glucomannan, including several on Propol, which show in double blind placebo controlled studies that various grades of Propol cause significant weight loss.

19. When extracted and refined according to Shimizu's process, Propol aids in weight loss because, when combined with water, the fiber forms a thick gel capable of trapping dietary fats and thus preventing their absorption during digestion. In addition, the glucomannan mixture in the stomach itself makes the consumer feel full, or satiated.

---

[1] Shimizu manufactures different grades of Propol, like Propol-A, Propol KW, Propol-TS, and Propol-RS.

20. Human digestion occurs throughout the digestive tract, beginning with enzymes in saliva breaking down food in the mouth, and then through the stomach and intestines, during a process that takes about 72 hours from consumption to elimination. At virtually every stage of digestion, the body is capable of absorbing dietary fats.

21. The effectiveness of any such fiber-based product for weight loss depends, in part, on both the amount and duration of its viscosity. The more gelatinous a mixture is, and the longer it sustains that gelatinousness, the more fat it is capable of trapping, and thus the greater its benefit to weight loss. Similarly, the more gelatinous a mixture, the greater the feeling of satiety it provides in the stomach.

22. Shimizu's glucomannan is produced using proprietary knowledge including special growing conditions for the Konjac root, unique processes for extracting the glucomannan, and refining procedures that result in a high molecular weight and viscosity as comparted to other dietary fibers. At body temperature, Propol-A's viscosity exceeds 80,000 mPa.S,[2] and Propol-A maintains viscosity above approximately 75,000 mPa.S for at least 84 hours.

23. Five Propol clinical trials are particularly relevant to this lawsuit.

24. First, in 1984, researchers published the results of a double-blind placebo-controlled study of 20 obese female subjects during an 8-week period.[3] The active group was given 1 gram of Propol to take 1 hour prior to meals (for a total of 3 grams per day). The control group was given a placebo. No dietary changes were made. Researchers measured changes in body weight, serum cholesterol, LDL and HDL cholesterol, and triglycerides. The study showed in the test group significant mean weight loss of 5.5 pounds

---

[2] Milli-Pascal seconds, a measurement of viscosity. If a fluid is placed between two plates with a distance of one meter, and one plate is pushed sideways with a shear stress of one pascal (a unit of pressure), and it moves at $x$ meters per second, then it has a viscosity of $x$ Pascal seconds. For example, water at 20 degrees Celsius (68 Fahrenheit) has a viscosity of 1.002 mPa.s, while motor oil has a viscosity of about 250 mPa.s.

[3] Walsh, D. E., et al., "Effect of Glucomannan on Obese Patients: A Clinical Study," *International Journal of Obesity*, Vol. 8, pp. 289-93 (1984).

(compared to a weight increase of 1.5 pounds in the control group), significant serum cholesterol reduction of 21.7 mg/dl, and significant reduction of LDL cholesterol of 15.0 mg/dl. The results of the study are represented in the following two graphs.





25. Second, in 2004, a group of researchers presented a paper titled "A Randomized Double-Blinded Placebo-Controlled Study of Overweight Adults Comparing the Safety and Efficacy of a Highly Viscous Glucomannan Dietary Supplement (*Propol*™)."[4] The study compared changes in body composition and blood chemistries between a treatment group taking 3 grams of Propol (1 gram 30-minutes prior to each of 3 meals), and control group, during a 60-day study period during the holiday season. It found "a highly significant reduction in scale weight . . . % body fat . . . , and fat mass . . . without a loss of fat-free mass or bone density," which was "consistent with weight losses . . . found in previous studies, but provide the additional finding that virtually all of the weight lost was excess body fat."

26. Specifically, when comparing those in the placebo group to those in the treatment group who were compliant with both the amount and duration requirements of the

---

[4] Gilbert R. Kaats et al., "A Randomized Double-Blinded Placebo-Controlled Study of Overweight Adults Comparing the Safety and Efficacy of a Highly Viscous Glucomannan Dietary Supplement (*Propol*™)," *Technical Report* (2004).

study (i.e., consistently took 3 grams of Propol per day, 30 minutes before meals, during the 60-day study), the difference in mean weight lost was 4.93 pounds (treatment group lost 2.75 pounds, while the placebo group gained 2.18 pounds), and the difference in fat lost was 3.86 pounds (treatment group lost 2.47 pounds, placebo group gained 1.39 pounds).

27. The other studies relevant here were three clinical trials conducted by Kunihiro Doi and others at Kobe University School of Medicine from 1981 until 1990 on the effect of Shimizu's Propol on lipid levels and cholesterol in human subjects.[5] Doi's studies showed that Shimizu's Propol binds with fat and cholesterol, resulting in lower absorption of both fat and cholesterol.

**B.  Defendant Markets Its Mega T Weight Loss Chews as "Clinically-Effective" for Weight Loss When There is No Evidence to Support Its Claims**

28. Defendants market Mega T Weight Loss Chews online and in various retailers nationwide, including in Nevada.

29. Defendants' supplement facts lists the product's ingredients as maltitol syrup, glucomannan, palm oil, citric acid, mono and diglycerides, soya lecithin, beetroot juice, natural and artificial flavor, salt and sucralose.

30. Although the Defendants' Mega T Weight Loss Chews contain a number of ingredients, the Defendants' marketing makes clear that Defendants are basing the weight loss related claims solely on glucomannan. According to Defendants' packaging and Website:

> The key ingredient in our chews is Glucomannan, a fiber that has the ability to absorb 200 times its weight in water and 50 times its weight in fat and cholesterol. When taken with at least 8 oz. of water, it gently expands in your stomach to help you feel full and satisfied for hours. It also attracts, binds to, and removes dietary fat and cholesterol from the gastrointestinal tract.

---

[5] Doi K, Nakamura T, Aoyama N, et al. Metabolic and nutritional effects of longterm use of glucomannan in the treatment of obese diabetics. In: Oomura Y, Tarue S, Inoue S, Shimazu T, eds. Progress in Defendants 1990. London: John Libbey; 1991:507-14

31. Defendants make various weight loss related claims about Mega T Weight Loss Chews including:

    a. That Mega T Weight Loss Chews contains a "clinically effective ingredient for weight loss";

    b. That Mega T Weight Loss Chews will make you "feel full";

    c. That Mega T Weight Loss Chews will make you "eat less"

    d. That Mega T Weight Loss Chews will make you "lose weight"

    e. That Mega T Weight Loss Chews "attracts, binds to, and removes dietary fat and cholesterol from the gastrointestinal tract."

32. The only form of glucomannan that has been clinically shown to be effective for weight loss, fat and cholesterol binding, and appetite control is Shimizu's Propol. Defendants' Mega T Weight Loss Chews do not contain Propol. So Defendants are impermissibly relying upon studies of Propol when making claims about Mega T Weight Loss Chews. Such reliance on studies of a different, competing substance, constitutes false and misleading advertising.

**C.    Mega T Weight Loss Chews Do Not Contain Shimizu's Propol**

33. A chemical testing laboratory performed a chemical analysis of Mega T Weight Loss Chews, which had been purchased in the United States exactly as a regular consumer would purchase the product.

34. The chemical analysis demonstrates that Mega T Weight Loss Chews, unlike Shimizu's Propol, contains poor-quality, cheap ingredients that do not have the same chemical profile as Propol. Hence, Mega T Weight Loss Chews does not have the weight loss benefits of Propol. There is no reliable clinical data supporting Mega T Weight Loss Chews' alleged efficacy in reducing cholesterol, controlling diabetes, or promoting weight loss.

35. Viscosity over time of of Mega T Weight Loss Chews compared to Propol A was also tested. Mega T Weight Loss Chews showed a peak viscosity of just 1,000 mPa.s, and quickly degrades to even lower levels. Propol A, by contrast, peaked at over and

160,000 mPa.s, and sustained its viscosity at an average of 140,000 mPa.s for the full 72 hours tested.

36. These tests establish that Mega T Weight Loss Chews do not contain Propol and the substances they do contain are chemically very different from Propol.

## DEFENDANTS' FALSE AND MISLEADING STATEMENTS

37. Defendants have been misrepresenting that clinical studies establishing the efficacy of Propol are clinical studies concerning Mega T Weight Loss Chews.

38. Defendants' statements are false and misleading because studies demonstrating the efficacy of Shimizu Propol in promoting weight loss do not establish the efficacy of Mega T Weight Loss Chews, that Mega T Weight Loss Chews contain a "clinically effective ingredient for weight loss", that Mega T Weight Loss Chews will make you "feel full", that Mega T Weight Loss Chews will make you "eat less", that Mega T Weight Loss Chews will make you "lose weight", or that Mega T Weight Loss Chews "attracts, binds to, and removes dietary fat and cholesterol from the gastrointestinal tract" because Mega T Weight Loss Chews do not contain Propol, but rather some other substance that poorly mimics Propol glucomannan.

39. In sum, Defendants have made false claims concerning Mega T Weight Loss Chews in at least two main ways. First, Propol has been shown to have weight loss benefits and other benefits, but Mega T Weight Loss Chews do not contain Propol; therefore, Defendants' reliance on Propol studies is false advertising. Second, since Mega T Weight Loss Chews do not contain Propol, and there are no studies supporting weight loss claims on non-Propol glucomannan, Defendants are misrepresenting that Mega T Weight Loss Chews has any clinically-proven weight loss or other benefits.

## PLAINTIFF'S DAMAGES

40. Pursuant to an exclusive sales agreement, Fiber Research has the exclusive right to sell Propol in the United States.

41. Shimizu assigned to Fiber Research all of its rights to bring legal action in the United States for any damages incurred by virtue of any unlawful selling or marketing of products in competition with Propol.

42. Fiber Research and its assignor, Shimizu, have been damaged by Mega T Weight Loss Chews' false advertising in that both have lost sales to Defendants. Defendants are trading and prospering in the marketplace leveraging the strength of the Propol brand, without actually buying Propol from Shimizu, through Fiber Research, resulting in millions of dollars of lost sales to both companies.

43. In addition, because Defendants rely on Propol clinical testing, Propol's reputation in the industry has suffered, and Shimizu and Fiber Research have lost sales and opportunities to make sales.

44. Indeed, Shimizu enjoyed a near-100% market share for refined Konjac root products like glucomannan in the United States in 2000, but currently has only a 2% market share, with mostly Chinese manufacturers selling what is actually knock-off, unrefined Konjac root to companies like Defendants for Mega T Weight Loss Chews.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF THE LANHAM ACT, 15 U.S.C. §§ 1125 *ET SEQ*.

### (False Advertising, Unfair Competition, and False Designations in Violation of § 1125(a)(1))

45. Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

46. Defendants' advertising, marketing and representations for Mega T Weight Loss Chews are false and misleading. Defendants use in interstate commerce false, deceptive and/or misleading descriptions in commercial advertising and marketing that misrepresent the nature, characteristics, and qualities of Mega T Weight Loss Chews.

47. Defendants' false and misleading statements actually confuse and deceive, or have the tendency to, and are likely to confuse and deceive an appreciable number of

relevant consumers and members of the trade. Defendants' false and misleading statements are material and likely to influence the purchasing decisions of actual and prospective purchasers of Mega T Weight Loss Chews and Propol products, and their ingredients.

48. Defendants' false and misleading statements have diverted, do divert, and will continue to divert sales to Mega T Weight Loss Chews at the expense of Propol products, and have lessened, are lessening, and will continue lessen the goodwill enjoyed by Propol products, if not enjoined.

49. Defendants' acts constitute false advertising, unfair competition, and false designations in violation of the Lanham Act § 43 (a)(1), 15 U.S.C. § 1125 (a)(1).

50. Defendants' acts have deceived and, unless restrained, will continue to deceive the public, including consumers and retailers, and have injured and will continue to injure Fiber Research and the public, including consumers and retailers, causing damage to Fiber Research and its assignor, Shimizu, in an amount to be determined at trial, and other irreparable injury to the goodwill and reputation of Propol products.

51. Defendants' acts of false and misleading advertising are willful, intentional, and egregious, and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

52. Fiber Research has no adequate remedy at law to compensate it for all the damages Defendants' wrongful acts have and will cause.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT, NRS 589.0903, *ET SEQ.*

53. Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

54. The Nevada Deceptive Trade Practices Act (NDTPA) prohibits unlawful, unfair or fraudulent business acts or practices, including making false representations "as to the characteristics, ingredients, uses, benefits" of goods, or making representations that

goods are of a "particular standard, quality or grade", or making "any other false representation in a transaction". NRS 598.0915.

55. Defendants conduct as alleged herein violates the NDTPA within the meaning of the NDTPA because Defendants made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements concerning the nature, quality, and characteristics of Mega T Weight Loss Chews.

56. As a direct and proximate result of Defendants' wrongful conduct, Fiber Research and its assignor, Shimizu, have suffered injury in fact and lost money or property, including lost sales and damage to Propol products' goodwill with existing, former, and potential customers and consumers.

57. Defendants' wrongful conduct has also damaged consumers.

58. These wrongful acts have proximately caused and will continue to cause Fiber Research and its assignor, Shimizu, substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers and diminution of the value of Propol products. The harm these wrongful acts will cause is both imminent and irreparable, and the amount of damage sustained by Fiber Research will be difficult to ascertain if these acts continue. Fiber Research has no adequate remedy at law.

59. Fiber Research is entitled to an injunction restraining Defendants from engaging in further such unlawful conduct.

60. Fiber Research is further entitled to restitution and damages from Defendants.

### THIRD CAUSE OF ACTION
### WRONGFUL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

61. Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

62. Fiber Research, and its assignor Shimizu, have potential contractual relations with consumers and business for the sale of Propol.

63. Defendants know and knew of this prospective relationship.

64. With the intent to harm Fiber Research and its assignor Shimizu, Defendants sold and offered to sell their inferior product, Mega T Weight Loss Chews, which is a cheap, low quality product, using the studies and claims supporting the higher quality and more expensive Propol product.

65. Defendants have no privilege or justification for their acts.

66. Defendants' conduct has harmed the Plaintiff.

67. Defendants' conduct has caused the Plaintiff to suffer damages.

68. Plaintiff requests damages as a result of Defendants' acts.

## FORTH CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

69. Fiber Research incorporates by reference the preceding paragraphs of its counterclaims as though fully set forth herein.

70. Defendants have engaged in unfair and deceptive business practices, namely making false claims about their products, including that their products are effective for weight loss and other benefits and by relying on studies of Propol as set forth above.

71. These practices have damaged the Plaintiff.

## **PRAYER FOR RELIEF**

72. WHEREFORE, Fiber Research respectfully requests the following relief:

A. A permanent injunction against Defendants, its officers, agents, employees, affiliates, parents, and all persons acting in concert or participation with them who receive actual notice of the injunction by personal service or otherwise, enjoining and restraining them directly or indirectly from falsely advertising, marketing, packaging, labeling, and/or selling Mega T Weight Loss Chews using any false representations, which misrepresent the nature, characteristics, or qualities of Defendants' goods or other commercial activities or from engaging in any other false advertising with regard to Defendants' products.

B.   Judgment for the damages suffered by Fiber Research as a result of Defendants' false advertising, unfair competition, and deceptive acts or practices, in an amount to be determined at trial.

C.   Judgment directing an accounting of Defendants' revenues and profits by reason of its false advertising, unfair competition, and deceptive acts or practices.

D.   Judgment trebling Fiber Research's recovery pursuant to 15 U.S.C. § 1117, as a result of Defendants' willful and intentional violations.

E.   Judgment awarding Fiber Research's reasonable attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and the NDTPA, and otherwise as appropriate.

F.   Judgment awarding Defendants' profits to Fiber Research, and awarding damages sustained by Fiber Research and the costs of this action.

G.   Pre- and post- judgment interest.

H.   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

73.   Fiber Research hereby demands a trial by jury on all issues so triable.

Dated: November 29, 2016

**PRICE PARKINSON & KERR LLP**
JASON KERR (Nevada Bar 7773)
*jasonkerr@ppktrial.com*
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Phone: (801) 530-2900

*Counsel for Plaintiff Fiber Research International, LLC*